EATMAN v. EATMAN.

(Court of Civil Appeals of Texas.    Feb. 15,
1911.

INSURANCE (§ 825*)—FRATERNAL INSURANCE
— AGREEMENT TO PAY ASSESSMENTS — EF-
FECT.

A husband, holding a mutual benefit certif-
icate, agreed with his wife that, if she would
pay the assessments, the money due on the cer-
tificate on his death should belong to her. She
paid the assessments for a time, but then quit,
because from the husband's illness, she could
not work, but had to care for him all the time.
The local lodge paid the assessments. *Held,*
that the issue of whether her inability to pay
the assessments was due to her necessary care
for her husband, and that, but for her marital
duty to do so, she would have kept up the pay-
ments, so that as between herself and husband
she made no default, was for the jury.

[Ed. Note.—For other cases, see Insurance,
Dec. Dig. § 825.*]

On motion for rehearing.    Granted, judg-
ment reversed, and cause remanded.

For former opinion, see 135 S. W. 165.

JAMES, C. J.    The motion directs our at-
tention particularly to that part of the tes-
timony of Mrs. Eatman, as follows: "The
reason I quit paying was because I had no
money to pay with, and the clerk of the
lodge told me that the lodge would attend
to it, and I trusted them to do so, which I
understood they did.    He was very feeble,
and not able to work at all.    I had to wait
on him all the time."

It seems to us that, if her inability to con-
tinue working to earn money to pay the as-
sessments was due to the necessity of her
having to devote all her time to waiting on
her husband, it was substantially the same
thing as if he had called on her to quit
working to nurse him.    If she had, for a con-
siderable time, labored and kept up the pay-
ments in accordance with the agreement,
and would have continued to do so, but for
her marital duty to give all her time to him
in his extremity, and she had no other means
of providing for the payments, as between
them, he would not have been allowed to say,
under those circumstances, that she had made
default in the performance of the agreement.
The testimony above quoted on the subject
was meager, but was sufficient to warrant
consideration of the fact and its submission
to the jury.

We adhere to the rules of law governing
this case as declared in the main opinion;
but, upon considering what is said in this
motion, we think enough was shown by ap-
pellant's testimony to require the jury to
pass upon the above question.    The question
whether or not her earnings were communi-
ty or separate property is an immaterial one.

The motion is granted, judgment reversed,
and cause remanded.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes